## IN THE UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF ALABAMA
### SOUTHERN DIVISION

| | |
|---|---|
| **DON RUDELL RANSOM,** | ) |
| | ) |
| **Petitioner/Defendant,** | ) |
| | ) |
| v. | ) **Case No.: 2:08-cv-8051-RDP-PWG** |
| | )                  **(2:06-cr-0251-RDP-PWG)** |
| **UNITED STATES OF AMERICA,** | ) |
| | ) |
| **Respondent.** | ) |

### <u>MEMORANDUM OPINION</u>

Don Rudell Ransom ("Petitioner") is serving a 120-month sentence imposed by this court following his conviction by a jury on two counts of aiding and abetting in the possession with intent to distribute cocaine base, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B) and 18 U.S.C. § 2. Ransom, now acting *pro se*, moves to vacate, set aside or correct that sentence pursuant to 28 U.S.C. § 2255. (Civ. Doc. 1; Crim. Doc. 94).[1]  He also moves for re-sentencing pursuant to 18 U.S.C. § 3582(c) based upon Amendments 706 and 713 to the United States Sentencing Guidelines. (Crim. Doc. 99). After careful review, the court concludes Ransom's claims are due to be denied and that the action be dismissed with prejudice.

## I.      BACKGROUND

Ransom was indicted on two counts of aiding and abetting in the possession with intent to distribute five or more grams of a mixture and substance containing a detectable amount of cocaine base, more commonly referred to as "crack," in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B)

---

[1]Ransom is a party in both a civil and criminal case.  Citations to "Civ. Doc. ____" are to the document numbers assigned by the clerk to the pleadings and other papers in the court file of this § 2255 "civil" case, 2:08-cv-8051-RDP-PWG, as reflected on the docket sheet.  Citations to "Crim. Doc. ____" are to the document numbers of filings in the underlying "criminal" case, 2:06-cr-0251-RDP-PWG.

(2006) and 18 U.S.C. § 2.  (Crim. Doc. 1).  Dale Stracener was appointed as counsel, and Ransom

pled not guilty.  On August 22, 2006, the government filed an Information Relating to Previous

Conviction pursuant to 21 U.S.C. § 851, charging that on or about August 11, 1997, Random had

been convicted in case number CC96-0024 in the Circuit Court of Shelby County, Alabama, for

"Possession/Receiving a controlled substance," and that such constitutes "a prior conviction for a

felony drug offense" for purposes of the enhanced penalty provisions of 21 U.S.C. § 841(b)(1)(B)

and 851(a).  (Crim. Doc. 37).  The case went to trial on September 11 and 12, 2006, with the

undersigned presiding.  (*See* Crim. Doc. 73, Transcript of Trial Proceedings of 9/11/06 ("Trial Trans.

I"); Crim. Doc. 74, Transcript of Trial Proceedings of 9/12/06 ("Trial Trans. II")).  The jury found

Ransom guilty on both counts of the indictment.  (Crim. Doc. 47).

Prior to the sentencing proceedings in the criminal case, Stracener filed a motion to withdraw

as defense counsel, which the court granted.  (Crim. Doc. 56 and unnumbered entry dated 12/12/06).

The court appointed Glennon F. Threatt as counsel.  On January 3, 2007, the court held a sentencing

hearing.  (Crim. Doc. 75, Transcript of Sentencing Hearing ("Sent. Trans.")).  Attorney Threatt

advised the court that he had timely received the Presentence Investigation Report ("PSR") (Crim.

Doc. 62), that he "had gone over it with [Ransom] in detail," and that the defense had no objections

to it.  (Sent. Trans. at 2).  Threatt thereafter read aloud a letter that Ransom had written in which he

expressed at some length his displeasure with attorney Stracener's performance as his former defense

counsel and the lack of fairness at his trial. (*Id.* at 5–9).  Ransom himself later voiced similar

complaints to the court.  (*Id.* at 10, 11, 12)[2].  The court then proceeded to consider the sentence to

---

[2]Ransom further complained about Stracener's work as defense counsel and about the
proceedings at trial at a hearing before the Honorable Paul Greene, United States Magistrate Judge,
on November 7, 2006.  (*See* Crim. Doc. 83).  That hearing was held prior to Ransom's sentencing.

be imposed.  The offense for which Ransom was convicted generally carried a sentence of between five and forty years imprisonment.  21 U.S.C. § 841(b)(1)(B) (2006).  However, the statute specified a sentence of between ten years to life imprisonment if the defendant has "a prior conviction for a felony drug offense [that] has become final." *Id.* The government argued, and defense conceded, that § 841(b)(1)(B) required such an enhancement based upon Ransom's prior state court drug conviction set forth in the information filed pursuant to 21 U.S.C. § 851.  (Sent. Trans. at 2–3).  The court agreed, sentencing Ransom to the statutory minimum enhanced sentence on each count, 120 months, with the sentences to run concurrently.  (*See id.* at 4, 15, 18; Crim. Doc. 64).

Still represented by attorney Threatt, Ransom appealed to the United States Court of Appeals for the Eleventh Circuit.  On appeal, Ransom raised three claims.  First, he argued that the district court erred in granting the government's motion in limine and otherwise limited Ransom's cross-examination so as to exclude mention of the fact that one of the confidential informants ("CIs") who conducted two controlled drug buys from Ransom had a state rape charge pending against him and was awaiting trial.  Second, Ransom contended that the district court erred in admitting the government's transcripts of recorded conversations between him and one of the CIs.  Third, Ransom claimed that attorney Stracener had provided constitutionally ineffective assistance.

In an unpublished *per curiam* opinion issued March 26, 2008, however, the Eleventh Circuit affirmed the judgment below.  (Crim. Doc. 87); *United States v. Ransom*, 270 Fed. App'x 953 (11th Cir. 2008).  Specifically, the Eleventh Circuit rejected the first two above claims on the merits, and it declined to address the ineffective-assistance claims because the record was not sufficiently developed in the district court to permit review on direct appeal.

---

(*Id.*)

Ransom then timely filed his instant § 2255 motion to vacate (Civ. Doc. 1; Crim. Doc. 94 ("§ 2255 Mot.")), accompanied by a supporting memorandum of law.  (Civ. Doc. 2 ("Dft. Memo")). In those filings, Ransom contends that his counsel was constitutionally ineffective, both at trial and on appeal, in violation of the Sixth Amendment.  In particular, Ransom asserts that his attorneys were ineffective for failing to do the following:

> (1)    to "notify or consult" with him in regards to the government's intention to seek enhanced penalties under 21 U.S.C. §§ 841(b)(1)(B) and 851;
>
> (2)    to conduct "any meaningful investigation" into his prior drug conviction and challenge its use to enhance his sentence;
>
> (3)    "to negotiate a favorable plea"; and
>
> (4)    to object to the district court's failure to engage in a colloquy under 21 U.S.C. § 851(b) with regard to the prior conviction;

(Dft. Memo at 4).  Ransom also raises a freestanding claim alleging that his due process rights were violated because the court allegedly did not conduct a colloquy under 21 U.S.C. § 851(b) regarding the prior conviction.  (*See id.* at 4–5).  Finally, Ransom also contends that he is entitled to a reduction of his sentence pursuant to 18 U.S.C. § 3582(c)(2) and 28 U.S.C. § 2255, based upon Amendment 706 to the United States Sentencing Guidelines.  (Dft. Memo at 17–18; Crim. Doc. 99).

The government filed a response in opposition (Civ. Doc. 6 ("Gov't Brief")), which attached affidavits from attorneys Stracener (Civ. Doc. 6–1 ("Stracener Aff.")) and Threatt (Civ. Doc. 6–2 ("Threatt Aff.")), respectively.  After the court advised that the action appeared subject to summary disposition, Ransom submitted a timely reply.  (*See* Civ. Doc. 9 ("Dft. Reply")).  In that reply, Ransom also claims that trial counsel was ineffective for failing to challenge 21 U.S.C. § 851 as unconstitutional.  (Dft. Reply at 4–6).  Ransom's claims are ripe for resolution.

4

## II.     DISCUSSION

### A.     Ineffective Assistance of Counsel

Ransom's claims are principally based on allegations that his attorneys provided constitutionally ineffective assistance. The Sixth Amendment affords a criminal defendant the right to "the Assistance of Counsel for his defence." U.S. Const. amend VI. "It has long been recognized that the right to counsel is the right to effective assistance of counsel." *McMann v. Richardson*, 397 U.S. 759, 771 n. 14 (1970); *see also Cuyler v. Sullivan*, 446 U.S. 335, 344 (1980). A claim of ineffective assistance of counsel can be established upon a showing that the (1) "counsel's performance was deficient," and (2) "that the deficient performance prejudiced the defense" because the "errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Strickland v. Washington*, 466 U.S. 668, 687 (1984). In a habeas corpus action, the petitioner generally carries the burden to establish both components. *Lawhorn v. Allen*, 519 F.3d 1272, 1293 (11th Cir. 2008) (citing *Atkins v. Singletary*, 965 F.2d 952, 958-59 (11th Cir. 1992)).

The Eleventh Circuit has explained:

> To establish a constitutionally deficient performance, the defendant must "identify the acts or omissions ... that are alleged not to have been the result of reasonable professional judgment" to "show that counsel's representation fell below an objective standard of reasonableness" and "outside the wide range of professionally competent assistance." *Strickland*, 466 U.S. at 687, 690. The "highly deferential" reviewing court must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance," *id.* at 689, and recognize that cases warranting the grant of habeas relief based on an ineffective assistance claim "are few and far between." *Chandler v. United States*, 218 F.3d 1305, 1313 (11th Cir. 2000) (en banc) (quotation and citation omitted). ... "[T]he defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" *Strickland*, 466 U.S. at 689. ... Because "it is all too easy to conclude that a particular act or omission of counsel was unreasonable in the harsh light of hindsight," *Bell v. Cone*, 535 U.S. 685, 702 (2002), we must make "every effort ... to eliminate the distorting effects of

hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." *Strickland*, 466 U.S. at 689.

*Lawhorn*, 519 F.3d at 1293–94.

But merely establishing constitutionally deficient performance is insufficient for a petitioner to show he is entitled to relief. The petitioner generally must also prove prejudice. To do that the petitioner must convince the court "that there is a reasonable probability that, but for the counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694. While a petitioner need not show that counsel's deficient conduct "more likely than not altered the outcome of the case," it is not enough for the petitioner to show that counsel's errors merely had "some conceivable effect on the outcome of the proceeding." *Id.*, 466 U.S. at 693. A court may decline to reach the performance prong if convinced that the prejudice prong cannot be satisfied in any event. *Boyd v. Allen*, 592 F.3d 1274, 1293 (11th Cir. 2010). Likewise, a court may dispense with analysis of the performance prong altogether if it determines that the prejudice prong cannot be satisfied. *See Strickland*, 466 U.S. at 697; *Rose v. McNeil*, 634 F.3d 1224, 1242 (11th Cir. 2011). With this standard in mind, the court will evaluate Ransom's claims.

### 1. Failure to Consult Regarding Potential Sentencing Enhancement and "Negotiate Favorable Plea"

Ransom contends that attorney Stracener rendered ineffective assistance because he allegedly failed to notify Ransom that the government had filed to seek enhancement penalties under 21 U.S.C. §§ 841(b)(1)(B) and 851 based on his prior state drug conviction. (*See* Dft. Memo at 7–9). Ransom similarly asserts that Stracener failed to explain to him that such an enhancement, if found

6

applicable, would carry a 10-year mandatory minimum sentence rather than the five-year minimum otherwise applicable.  Ransom argues that counsel was required to inform him that the government was seeking to impose such an enhanced sentence so he would be able to make a better decision on whether to proceed to trial or seek a plea bargain.  (*Id.* at 8).  Ransom further alleges that, had he been told that he might have faced such an enhancement, "it is highly likely that [he] would have opted to enter a guilty plea, rather than proceeding to trial" because, he suggests, "it is likely that counsel would have been able to negotiate a plea bargain in which the government would withdraw its notice under 21 U.S.C. § 851(a)."  (*Id.* at 8–9).  Entering such a guilty plea, Ransom posits, would have likely resulted in a shorter sentence.

In a related claim, Ransom contends that Stracener was also ineffective because he failed "to negotiate a favorable plea."  (*Id.* at 4; *see also id.* at 11–12).  Ransom recognizes that, regardless of whether his counsel had notified him that the government had filed the § 851 information, it is clear that counsel was aware of the information.  As such, Ransom contends that his counsel was in a position to negotiate a plea bargain under which the government would have likely withdrawn the information and he would have been sentenced to something less than the 10-year enhanced minimum.  As with his "failure-to-consult" claim above, Ransom again contends that had his counsel entered into plea negotiations "it is highly probable that the government would have waived its notice of information under § 851(a)" and, in such event, Ransom alleges, "it is highly probable that he would have not proceeded to trial, but would have seriously contemplated a guilty plea." (*Id.* at 11–12).

7

In response to these claims, the government refers the court to Stracener's affidavit. Stracener alleges therein that soon after being appointed, he "ran an Alacourt[3] check" on Ransom and discovered the prior state drug conviction. (Stracener Aff. at 2 (footnote added)).  Stracener claims that he discussed that conviction with Ransom in their initial interview and that he explained, both in that interview and later after the government filed the § 851 information, how the prior conviction would enhance his sentence.  (*Id.*).  Stracener does acknowledge that the government made a plea offer shortly before it filed the § 851 information on August 22, 2006.  (*Id.* at 1–2).  That offer would have required Ransom to provide "substantial assistance" within the meaning of USSG § 5K1.1 in the prosecution of certain co-defendants.  (*Id.* at 1).  In return for such substantial assistance, the government would have sought a downward departure in the defendant's sentence and, as Stracener recalls, a recommendation of a sentence below the statutory minimum pursuant to 18 U.S.C. § 3553(e).  (*Id.*)

Stracener further states that he met with Ransom on August 18, 2006, and read to him and discussed the entire plea agreement, as well as the fact that Stracener had been advised by the government that it would soon file an § 851 information in order to seek an enhanced sentence that would carry a 120-month mandatory minimum.  (*Id.* at 1–2).  Stracener has averred that he told Ransom that, after listening to taped telephone conversations and reviewing the evidence in the case, it would be in his best interest to accept the plea offer but that the decision was ultimately up to Ransom.  (Stracener Aff. at 2).  Stracener states that, after the government filed the § 851 information, he met with Ransom on August 29th and September 9th and they again discussed that

---

[3]"Alacourt" is a online subscription service that allows customer access to Alabama state trial court records.  *See* https://v2.alacourt.com/; *United States v. Marshall*, 2009 WL 691928, *4 (M.D. Ala. 2009).

a 10-year mandatory minimum sentence would apply if he were convicted at trial and the prior drug conviction was deemed valid. (*Id.* at 2–3). Ultimately, however, Random rejected the plea offer and went to trial. (*Id.* at 1).

In his Reply, Ransom disputes aspects of Stracener's version of events. In particular, Ransom "specifically denies that Mr. Stracener had discussed the alleged prior conviction with [him] in his initial interview or at any other time, both (sic) before and after the Government filed its Section 851 Information." (Dft. Reply at 4). He appears further to dispute that Stracener "discuss[ed] anything about a filing under 21 U.S.C. § 851" (*id.* at 2) or that Stracener ever "told [him] that he would get a mandatory minimum sentence of ten years if he elected to go to trial." (*Id.* at 5). Rather, Ransom says he "never heard the term 'mandatory minimum' sentence" from Stracener (*id.*) and that he (Ransom) "did not know that the Government had filed a paper that had the effect of doubling the mandatory minimum applicable in the case should he be convicted. (*Id.* at 6). Ransom argues that his assertions require the court to hold a hearing to resolve the factual dispute regarding what Stracener discussed with him about the § 851 enhancement and the associated minimum sentence. Ransom is wrong.

In this context, in which a defendant claims that counsel's errors led to a longer sentence because he did not plead guilty, the defendant has the burden to show (1) that counsel's performance was constitutionally deficient and (2) that there is a reasonable probability that, absent counsel's errors, he would have pled guilty. *See Smith v. Singletary*, 170 F.3d 1051, 1053 (11th Cir. 1999); *Coulter v. Herring*, 60 F.3d 1499, 1504 (11th Cir. 1995); *Diaz v. United States*, 930 F.2d 832, 835 (11th Cir. 1991); *see also Hill v. Lockhart*, 474 U.S. 52, 59 (1985) (establishing a functionally similar test where a defendant asserts that counsel's errors caused him to plead guilty rather than go

to trial).  If a defendant's well-pled factual allegations, accepted as true, fail to establish either deficient attorney performance or prejudice, it is appropriate to deny the claim without a hearing. *See Chavez v. Secretary Fla. Dep't of Corr.*, 647 F.3d 1057, 1060 (11th Cir. 2011); *Gordon v. United States*, 518 F.3d 1291, 1302 (11th Cir. 2008).

Even assuming that Stracener neither told Ransom that the government filed the § 851 information nor advised him that the prior drug conviction might be used to enhance his sentence so as to increase the statutory mandatory minimum from five to ten years, Ransom is still not entitled to relief on this claim.  In the absence of sufficient evidence indicating that the government was actually willing to accept a plea involving a sentence below the enhanced ten-year minimum of §§ 841(b)(1)(B) and 851, it is highly doubtful that a failure of counsel to discuss the enhancement or its minimum sentence would constitute deficient performance or could have resulted in prejudice. This is because defense counsel cannot force the government to plea bargain, *see Zamora v. Dugger*, 834 F.2d 956, 960 (11th Cir. 1987), and unless there is evidence to support that the government was actually willing to accept a plea to a reduced charge or sentence, there is no proof of prejudice.  *See Burger v. Kemp*, 483 U.S. 776, 785–86 (1987) (defendant's death sentence failed to show prejudice based on counsel's failure to "negotiate a plea agreement resulting in a life sentence" where the "notion that the prosecutor would have been receptive to a plea bargain is completely unsupported in the record"); *Saunders v. United States*, 278 Fed. App'x 976, 979 (11th Cir. 2008) (defendant's allegations failed to show prejudice where he "fail[ed] to disclose the details of his alleged plea offer").

Stracener's affidavit, however, indicates that the government did, in fact, extend a plea offer which would have entailed a requirement that Ransom provide "substantial assistance" in the

10

prosecution of others.   Ransom does not specifically dispute Stracener's allegation that he communicated such a plea offer to him.  Indeed, Ransom concedes that Stracener told him that if he pled guilty, Stracener "could get [Ransom]" an eight-year sentence.  (Dft. Reply at 2, *see also id.* at 5).  Such an acknowledgment, in conjunction with Stracener's affidavit, belies Ransom's argument that Stracener was ineffective on the theory that he did not "even attempt to negotiate a plea bargain on his behalf." (Dft. Memo at 11).  However, taken as true, that same evidence supports Ransom's assertion that he might have pled guilty and received a sentence that was shorter than the one he got after trial, *i.e.*, the ten-year enhanced minimum, whether the plea would have involved a withdrawal of the § 851 information, *see Gilbert v. United States*, 640 F.3d 1293, 1298 n. 1 (11th Cir. 2011), or a "substantial assistance" departure under § 3553(e), *see United States v. Mangaroo*, 504 F.3d 1350, 1355 (11th Cir. 2007).

Even with such a plea offer on the table, however, it is anything but clear that a failure by Stracener to advise Ransom of the § 851 information filing or specifically explain how it implicated a 10-year mandatory minimum sentence amounted to deficient performance.  Counsel has a duty "to consult with the defendant on important decisions and to keep the defendant informed of important developments in the course of the prosecution."  *Strickland*, 466 U.S. at 688.  This obligation includes the duty to inform a defendant of any plea offers and advise as to the potential advantages and disadvantages of pleading guilty versus going to trial.  *See Alvarez-Sanchez v. United States*, 350 Fed. App'x 421, 424 (11th Cir. 2009); *Diaz v. United States*, 930 F.2d 832, 834 (11th Cir. 1991); *Beckham v. Wainright*, 639 F.2d 262, 267 (5th Cir. Unit B Mar. 1981);[4] *see also Dasher v. Attorney*

---

[4]The decisions of the former Fifth Circuit handed down before October 1, 1981 are binding precedent in the Eleventh Circuit.  *Bonner v. City of Prichard*, 661 F.2d 1206, 1207 (11th Cir. 1981) (en banc).  Decisions by a Unit B panel of the former Fifth Circuit are likewise binding.  *Stein v.*

*General, Florida*, 574 F.3d 1310, 1317– 18 (11th Cir. 2009). Much of Ransom's argument focuses on the fact that Stracener never told him that § 851 information could increase the mandatory minium from five years to ten years. However, there is nothing in the record to support the idea that the government ever offered a plea bargain offering a five-year sentence or that such a sentence was otherwise ever likely. In fact, given the way that plea bargaining works, Ransom's allegation that Stracener told him that he could "get" him an eight-year sentence if he pled guilty supports that Ransom clearly should have understood that Stracener was indicating that Ransom would receive a sentence that was longer than that if he insisted on going to trial. Given that Ransom ultimately received a 10 year sentence after trial, Stracener's advice on the matter appears to have been largely vindicated.

Assuming for the sake of argument that Stracener's performance was deficient, Ransom's allegations fail to show prejudice. Ransom has never alleged (or asserted) that he would have actually accepted the government's "substantial assistance" plea bargain offer outlined in Stracener's affidavit, which was the only plea offer that the record evidence suggests ever existed. To the extent that Stracener's alleged statement that he could "get" Ransom an eight-year sentence if he pled guilty is deemed to relate to the plea offer described in Stracener's affidavit, Ransom implicitly admits that he refused to plead guilty on that basis. In the face of evidence of that rejection, Ransom offers mere equivocations alleging only that it was "highly likely" and "probable" that he "would have seriously contemplated a guilty plea" on terms he does not otherwise specify. (*See* Dft. Memo at 8–9 ("[H]ad counsel ... consult[ed] with the Petitioner [about] the government's intentions to seek enhanced penalties [and] the ramifications of the government's notice should he be found guilty at trial, it is

---

*Reynolds Sec., Inc.*, 667 F.2d 33, 34 (11th Cir. 1982).

*highly likely* that the Petitioner would have opted to enter a guilty plea rather than proceed to trial")
(emphasis added); *id.* at 11–12 ("[H]ad counsel even made an attempt at negotiating a plea offer it
is probable that he would have not proceeded to trial, but would have *seriously contemplated* a guilty
plea, in this case.") (emphasis added).   That is not enough.   A defendant generally must at least
allege that he would have accepted an available plea offer absent counsel's errors.  *See Coulter*, 60
F.3d at 1504 (defendant failed to establish prejudice where he was asked if he would have accepted
the plea offer and he responded, "Possibly, I don't know. ... I don't know how I would have felt at
that time ...."); *Diaz*, 930 F.2d at 835 (defendant failed to establish prejudice where he had "not
alleged that but for his attorney's errors, he would have accepted the plea offer; he cites no evidence
to indicate that prior to his conviction he expressed any desire to plead guilty"); *Scott*, 325 Fed.
App'x at 825 (defendant failed to show prejudice merely "by suggesting he would have given a
guilty plea greater consideration if his counsel had advised him differently and by stating that he
could have received a lower sentence if he had pled guilty"); *Jones v. Secretary, Dep't of Corr.*, 319
Fed. App'x 792, 795 (11th Cir. 2009) (defendant failed to show prejudice where he stated only "that
counsel's advice 'played a key part,' not that it was the deciding factor that motivated him to reject
the offer to plead guilty."); *see also Hill*, 474 U.S. at 60 (1985) (holding that petitioner failed to
establish prejudice where he "did not allege in his habeas petition that, had counsel correctly
informed him about his parole eligibility date, he would have pleaded not guilty and insisted on
going to trial.").   Ransom's failure to make such an allegation means he has not shown prejudice.

        To the extent that Ransom faults Stracener because he did not "negotiate" a plea deal resting
on terms other than those outlined in Stracener's affidavit, the fact remains that Stracener could not
unilaterally dictate what terms the government would offer or be willing to accept.  *See Zamora*, 834

F.2d at 960.  Without any factual support, Ransom opines that Stracener likely could have negotiated a plea bargain pursuant to which Ransom could have simply pled guilty and the government would have withdrawn the § 851 information; Ransom also asserts that this is "frequently" done by federal prosecutors in this district.  (Dft. Reply at 7).  However, there is no evidence that the government ever offered (or might have accepted) a plea bargain other than the one described in Stracener's affidavit, which required Ransom not only to plead guilty but also to provide "substantial assistance" against others.  Ransom's conclusory allegations that Stracener could or should have negotiated some other plea bargain are speculative and do not warrant a hearing.  *See Zamora*, *supra*; *Scott v. United States*, 325 Fed. App'x 822, 825 (11th Cir. 2009) (while defendant noted that "it is commonplace practice to negotiate that a sentencing enhancement not be filed where the defendant agrees to enter a guilty plea," he failed to allege facts tending to show that "the Government was amenable to such a negotiation in the absence of a cooperation agreement"; thus, the defendant's ineffective-assistance claim was correctly denied without a hearing).  Ransom's claims alleging that Stracener was ineffective in failing to advise him of the 10-year minimum sentence implicated by the filing of the § 851 information and by in failing to "negotiate a favorable plea" are due to be denied.

### 2.    Failure to Investigate or Object to Prior Conviction

Ransom next alleges that the attorneys rendered ineffective assistance because they failed to conduct a "meaningful investigation" of his prior drug conviction and challenge its use to enhance his sentence.  (Dft. Memo at 9–11, 12–14).  The information filed by the government pursuant to 21 U.S.C. § 851 charged that Ransom had been "convicted and sentenced on or about August 11, 1997, of Possession/Receiving Controlled substance in case number CC-96-0024, in the Circuit Court of

Shelby County, Alabama, and that said conviction constitutes a 'prior conviction for a felony drug offense' for the purpose of an enhanced penalty" under 21 U.S.C. § 841(b)(1)(B).  (Crim. Doc. 37 at 1–2).  After Ransom was convicted at trial, the prior drug conviction was deemed to render Ransom subject to the 10-year minimum enhanced sentence.  Ransom maintains both of his attorneys had a duty to investigate the prior offense and that, had they done so, they would have discovered that "the 'possession and receiving a controlled substance' [offense to] which [Ransom] entered his guilty plea ... was not a felony conviction, but is classified as a misdemeanor under State of Alabama law," and that such "simple possession" does not qualify as a predicate "felony drug offense" authorizing enhancement under § 841(b).  (Dft. Memo at 10).  In his reply, Ransom makes an alternative allegation that he was not actually convicted of possession.  Rather, he states that it is his "understanding" that he was originally charged with felony drug possession but that as part of the plea agreement the charge was reduced to attempted possession, which he says is a misdemeanor. (Dft. Reply at 8).  Either way, Ransom contends that his counsel had a duty to object to or otherwise challenge the use of the prior conviction at sentencing on the ground that it did not qualify him for the enhancement.

An attorney generally has a duty to investigate a defendant's criminal history to determine whether it includes convictions that might be used to enhance his sentence.  *See Esslinger v. Davis*, 44 F.3d 1515, 1529–30 (11th Cir. 1995); *cf. Rompilla v. Beard*, 545 U.S. 374, 383–87 (2005). Stracener states in his affidavit that he checked Ransom's criminal history on Alacourt.com and learned of the prior drug conviction from Shelby County and ascertained that it was a felony that could be used to enhance Ransom's sentence under § 841(b)(1)(B) if the government filed information disclosing it pursuant to § 851, which the government later did.  (Stracener Aff. at 2).

15

Threatt does not identify the particular steps of any investigation he undertook regarding the prior conviction, but Threatt specifically denies Ransom's assertion that such conviction was a misdemeanor. (Threatt Aff. at 3). Instead, Threatt states that "Ransom was sentenced on 8/11/97 to ten years suspended confinement and 5 years probation. A ten year sentence cannot be imposed for a misdemeanor offense by statute." (*Id.*) Threatt further claims that Ransom was aware that the prior conviction was being used to enhance his sentence because he discussed the matter with Ransom and it was in the PSR, the entirety of which Threatt says he read aloud to Ransom when they met for about two hours the day before the sentencing hearing. (*Id.*) Threatt further maintains that neither at that meeting nor at any other time did Ransom ever deny either the existence of the conviction or that it was a felony. (*Id.* at 3–4).

Ransom contends that Stracener's performance was deficient on the theory that a computer database check of his criminal history was not sufficient. Ransom contends, rather, that Stracener was obligated to go to the Shelby County Courthouse or otherwise inspect the court file of the prior case. However, a review of the Alacourt online database to verify the nature of the prior conviction was more than sufficient under the circumstances to discharge whatever duty to inquire Stracener might have had under the Sixth Amendment. *Cf. United States v. Pease*, 240 F.3d 938, 941–42 (11th Cir. 2001) (affirming that counsel's performance was not deficient even though he failed to "run a criminal records check" but instead merely relied upon the defendant's own statement as to his criminal history); *Dasher v. Attorney Gen., Fla.*, 574 F.3d 1310, 1315–16 (11th Cir. 2009) (state court's conclusion, that counsel did not have an obligation to independently verify the accuracy of the defendant's statements regarding his prior convictions, was not an unreasonable application of, nor contrary to, United States Supreme Court precedent). Ransom contends that he only met with

16

Threatt for about 30 minutes the day before sentencing, not the two hours stated by Threatt. He denies that he and Threatt discussed whether the prior conviction was a felony or a misdemeanor. (Dft. Reply at 3).  However, Ransom does not specifically deny that Threatt read him the PSR. Further, Threatt's testimony indicating that he was aware of the date of Ransom's prior plea in the Shelby County case, the offense to which he pled, and that he received a ten-year suspended sentence amply establishes that Threatt performed a sufficient investigation to satisfy the requirements of the Sixth Amendment. *Cf. Pease*, 240 F.3d at 941–42*; Dasher,* 574 F.3d at 1315–16; *Moultrie v. United States*, 380 Fed. App'x 885, 887 (11th Cir. 2010).

It is even clearer, however, that Ransom cannot show prejudice on these claims.  In his memorandum, Ransom essentially admits that he pled guilty to "possession and receiving a controlled substance" in the Shelby County case, but he argues that such a conviction is merely a misdemeanor and thus does not authorize an enhancement under §§ 841(b)(1)(B) and 851.  (Dft. Memo at 10).  That position is incorrect as a matter of law.  Unlawful possession or receipt of a controlled substance is a Class C felony under Alabama law, Ala. Code § 13A-12-212, which carries a sentence of between one year and one day and 10 years.  Ala. Code § 13A-5-6(a)(3).  Such a conviction constitutes a "felony drug offense" for purposes of sentence enhancement under § 841(b). *United States v. Garrett*, 292 Fed. App'x 3, 7 (11th Cir. 2008).

Perhaps recognizing this problem, Ransom modified his argument in his reply by stating that although he "understands" that he was originally *charged* with possession, he actually *pled* to a reduced misdemeanor charge of attempted possession.  (Dft. Reply at 8).  That position is also incorrect as a matter of fact.  The court has obtained, and it hereby takes judicial notice of, the information contained in the state court file relating to Ransom's conviction through Alacourt.com.

17

*See Marshall*, 2009 WL 691928, *4 (taking judicial notice of Alacourt.com records). That printout, attached hereto as Exhibit A, confirms that Ransom was initially indicted for unlawful distribution or furnishing of a controlled substance, in violation of Ala. Code § 13A-12-211, a Class B felony under Alabama law. He then pled guilty to a reduced charge of possession of a controlled substance, in violation of Ala. Code § 13A-12-212, receiving a 10-year suspended sentence with 5 years probation. As noted above, such is a "felony drug offense" for purposes of § 841(b)(1). *Garrett*, 292 Fed. App'x at 7. Any objection or challenge to the use of the conviction at sentencing would have been futile.

Ransom also argues summarily that Threatt was ineffective for failing to argue that the district court violated *Shepard v. United States*, 544 U.S. 13 (2005), by enhancing his sentence using the prior conviction based on the contents of the PSR rather than requiring the government to present certified court documents. (Dft. Memo at 4). This claim is meritless, because a sentencing court is permitted to apply sentencing enhancements based on prior convictions that were listed in a PSR and not objected to by the defendant. *See United States v. Steed*, 548 F.3d 961, 979 (11th Cir. 2008) (per curiam); *United States v. Bennett*, 472 F.3d 825, 833–34 (11th Cir. 2006); *United States v. Shelton*, 400 F.3d 1325, 1329–30 (11th Cir. 2005). Ransom cannot show either his attorney's deficient performance or prejudice. Therefore, these claims are due to be denied.

### 3.   Failure to Object to Lack of Colloquy Regarding Prior Conviction

Ransom next contends that Threatt provided ineffective assistance because he failed to object to the fact that the district court did not engage Ransom personally in a colloquy at sentencing about his prior drug conviction pursuant to 21 U.S.C. § 851(b). Under that section, where the government

files information identifying a prior conviction to be used for a sentence enhancement under §

851(a),

> the [district] court shall after conviction but before pronouncement of sentence inquire of the person with respect to whom the information was filed whether he affirms or denies that he has been previously convicted as alleged in the information, and shall inform him that any challenge to a prior conviction which is not made before sentence is imposed may not thereafter be raised to attack the sentence.

21 U.S.C. § 851(b). Ransom also raises a freestanding claim alleging that the court's failure to

comply with § 851(b) violated his rights under the Due Process Clause of the Fifth Amendment.

Even assuming that these claims are properly presented, they fail.

The Due Process Clause requires that a defendant be given reasonable notice and an

opportunity to be heard concerning prior convictions being used to enhance a sentence. *United

States v. Cobia*, 41 F.3d 1473, 1476 (11th Cir. 1995). Ransom does not dispute that the government

complied with § 851(a) in its filing of the information disclosing the prior felony drug conviction

used to enhance his sentence. In such circumstances, the defendant has been timely apprised of the

convictions being considered to enhance his sentence. At the sentencing hearing, the district court

unmistakably provided Ransom with an opportunity to be heard, through his counsel, on the prior

conviction being used to enhance the sentence. (*See* Sent. Trans. at 2–3). Therefore, there was no

due process violation.

Where the government has complied with § 851(a), all that is required is "substantial

compliance" with § 851(b), and any challenge is subject to harmless error analysis. *United States

v. James*, 642 F.3d 1333, 1341–42 (11th Cir. 2011). Further, if the prior conviction disclosed in the

information occurred more than five years before the date of the filing of the information, a

defendant may not "challenge the validity" of that conviction. 21 U.S.C. § 851(e). Where § 851(e)

19

bars a defendant's challenge to a prior conviction, the failure to conduct the § 851(b) colloquy is not reversible error. *James*, 642 F.3d at 1340; *United States v. Weaver*, 905 F.2d 1466, 1482 (11th Cir. 1990).

Because Ransom's prior drug conviction occurred in 1997 and the government filed the § 851 information in 2006, he was barred under § 851(e) from challenging its validity. He contends, however, that he is not challenging the "validity" of his prior conviction. Rather, he maintains that he is contesting whether that admittedly valid former conviction was for a misdemeanor and thus did not qualify as a "felony drug offense" for purposes of § 841(b)(1). Therefore, Ransom argues that his challenge would not be time barred under § 851(e), meaning the failure to conduct a colloquy under § 851(b) would not have been harmless, and his counsel was ineffective for failing to raise the issue. Even if it is assumed that such a challenge would not be time barred, Ransom has a second and insurmountable barrier. That is, of course, that his prior conviction, as discussed above, was in fact, for possession of a controlled substance in violation of Ala. Code § 13A-12-212, which is a felony drug offense for purposes of 21 U.S.C. § 841(b)(1). *Garrett*, 292 Fed. App'x at 7. Even assuming for the sake of argument that the court's exchanges with defense counsel and with Ransom himself at the sentencing hearing did not qualify as "substantial compliance" with § 851(b), any error was harmless, *see James*, 642 F.3d at 1341–42, and defense counsel's "failure" to raise the issue did not result in any prejudice under *Strickland*. Therefore, these claims are due to be denied.

### 4.   Failure to Challenge Enhancement as Unconstitutional

Ransom next argues (for the first time in his reply brief) that attorney Threatt was ineffective because he did not object to the sentence enhancement on the ground that 21 U.S.C. § 851 violates the separation-of-powers doctrine and is thus unconstitutional. (Dft. Reply at 4). The Eleventh

Circuit has previously rejected that argument, *see United States v. Cespedes*, 151 F.3d 1329 (11th Cir. 1998), so any such challenge would have been doomed to fail.  Accordingly, Ransom cannot show either deficient performance or prejudice.

Ransom also contends that Threatt should have challenged § 851 on the theory that prosecutors apply it disproportionately to African-American defendants, including himself. (Dft. Reply at 4–5).  While a discretionary decision to prosecute or enhance a defendant's sentence may not be motivated by race or another constitutionally protected characteristic, *see Oyler v. Boles*, 368 U.S. 448, 456 (1962), courts generally presume that United States attorneys have properly discharged their official duties and have not violated equal protection.  *United States v. Armstrong*, 517 U.S. 456, 464 (1996).  In order to dispel that presumption, a criminal defendant must present "clear evidence to the contrary." *Id.* at 465 (quoting *United States v. Chemical Foundation, Inc.*, 272 U.S. 1, 14–15 (1926)).  "The claimant must demonstrate that the federal prosecutorial policy had a discriminatory effect and that it was motivated by a discriminatory purpose." *Id.* (quoting *Wayte v. United States*, 470 U.S. 598, 608 (1985)).  In support of his ineffective-assistance claim based upon his alleged racially discriminatory prosecution, Ransom has alleged only that "a study of filing of Section 851 Information reveals that more often than not, African Americans are the recipient of the enhanced sentences." (Dft. Reply at 4).  That bald assertion falls woefully short of the showing necessary to make out a claim of race-based selective prosecution. *See United States v. Bass*, 536 U.S. 862, 864 (2002) (per curiam); *United States v. Jordan*, 635 F.3d 1181, 1188–89 (11th Cir.

21

2011).  Ransom has failed to show deficient performance or prejudice on this claim, so it, too, like

all of his other claims alleging ineffective assistance, is due to be denied.[5]

B.      Re-sentencing Pursuant to 18 U.S.C. § 3582(c)

Finally, Ransom's § 2255 motion and supporting memorandum also contain a claim alleging

that he is due to be re-sentenced pursuant to 18 U.S.C. § 3582(c).  (§ 2255 Mot. at 13; Dft. Memo

at 17–18).  Ransom has also raised this claim as a separate motion in the criminal case.  (Crim. Doc.

99).  Specifically, Ransom argues that "his guideline sentence of 97–121 months . . . should be

reduced by two levels in accordance with Amendment 706 to reflect a new guideline sentence of 78–

97 months."  (Dft. Memo at 18).  Relying on *Kimbrough v. United States*, 552 U.S. 85 (2007), and

*United States v. Hicks*, 472 F.3d 1167 (9th Cir. 2007), Ransom further argues that the court should

impose a sentence of 60 months—below the amended Guidelines range.  (*See* Dft. Memo at 18).

Ransom is not entitled to relief on this claim.

"As a general rule, district courts may not modify a term of imprisonment once it has been

imposed, except in specific circumstances delineated in 18 U.S.C. § 3582(c)." *United States v.

Williams*, 549 F.3d 1337, 1339 (11th Cir. 2008) (per curiam). Section 3582(c)(2) authorizes a

sentence reduction for "a defendant who has been sentenced to a term of imprisonment based on a

sentencing range that has subsequently been lowered by the Sentencing Commission."   Any

reduction must be "consistent with applicable policy statements issued by the Sentencing

_____

[5]Ransom also asserts that attorney Threatt provided ineffective assistance on appeal by failing
to argue before the Eleventh Circuit all of the claims that Ransom has raised in his § 2255 motion.
However, none of the issues that Ransom raises in his § 2255 motion are meritorious, for the reasons
addressed in the text.  Accordingly, Threatt's performance on appeal was neither deficient, nor
resulted in prejudice under *Strickland*.  *See Shere v. Sec'y, Fla. Dep't of Corr.*, 537 F.3d 1304, 1311
(11th Cir. 2008) (recognizing that "appellate counsel is not ineffective for failing to raise a meritless
issue on appeal").

Commission." 18 U.S.C. § 3582(c)(2).  The Sentencing Commission's policy statements are found in U.S.S.G. § 1B1.10.

Amendment 706 reduced by two levels the base offense levels prescribed by U.S.S.G. § 2D1.1 for most crack offenses. The Eleventh Circuit has explained that "Amendment 706 allows a defendant to seek a reduction in his sentence if that sentence was based on the § 2D1.1 offense level for crack cocaine offenses." *Williams*, 549 F.3d at 1339.  If the sentence was based on something other than § 2D1.1, however, a sentence reduction is not authorized.  *See United States v. Moore*, 541 F.3d 1323, 1327 (11th Cir. 2008) (affirming the denial of § 3582(c)(2) relief where the defendant's sentence was based on the career-offender Guidelines, not § 2D1.1); U.S.S.G. § 1B1.10(a)(2)(B) (a reduction is not authorized if the amendment "does not have the effect of lowering the defendant's applicable guideline range").  More specifically, a sentence reduction is not authorized where the defendant's sentence was based on a statutory mandatory minimum sentence. *See Williams*, 549 F.3d at 1339–42; U.S.S.G. § 1B1.10, comment. (n.1(A)).

Ransom is not entitled to any sentence reduction under § 3582(c)(2) because his sentence was based on the mandatory minimum sentence required by § 841(b)(1)(B), not on the base offense level prescribed by § 2D1.1.  And "as to crack cocaine sentences in particular, . . . district courts are constrained by the mandatory minimums Congress prescribed." *Kimbrough*, 552 U.S. at 108; *see also United States v. Gomes*, 621 F.3d 1343, 1345 (11th Cir. 2010).  Accordingly, Ransom's request for relief under § 3582(c)(2) is due to be denied.  *See Williams*, 549 F.3d at 1342; *United States v. Mills*, 613 F.3d 1070, 1076 (11th Cir. 2010); *United States v. Roundtree*, 408 Fed. App'x 243, 244 (11th Cir. 2011).

### III.    CONCLUSION

Based on the foregoing, the court concludes that Ransom's § 2255 motion to vacate his federal sentence is due to be denied and this action is due to be dismissed with prejudice.  A separate order in accordance with this memorandum opinion will be entered.

**DONE** and **ORDERED** this _____29th_____ day of March, 2012.

**R. DAVID PROCTOR**
UNITED STATES DISTRICT JUDGE